UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. *22-60084-cr-Smith/Valle*

18 U.S.C. § 371
18 U.S.C. § 659

UNITED STATES OF AMERICA

vs.

JULIO MITJANS,
KIRK RUSSELL,
CARL WALLACE,
DAMION MCDONALD,
YANKO RODRIGUEZ,
LAZARO AGUEROS,
MARIO YANES NUNEZ, and
MD GOLUM MAHBUB,

Defendants.
_____/

```
FILED BY_____D.C.

    APR 29 2022

  ANGELA E. NOBLE
 CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.
```

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times material to this Information:

1.    Defendant **JULIO MITJANS** owned and operated Techno-Fuel, Inc. ("Techno-Fuel"), a trucking yard located at 4700 SW 30th Avenue, Davie, Broward County, Florida.

2.    Defendants **KIRK RUSSELL, CARL WALLACE,** and **DAMION MCDONALD** were employed by Corporation A as drivers of gasoline tanker trucks.

3.    Defendants **YANKO RODRIGUEZ, LAZARO AGUEROS,** and **MARIO YANEZ NUNEZ** were employed by Techno-Fuel as drivers of gasoline tanker trucks.

4.      Defendant **MD GOLUM MAHBUB** worked at a Sunoco gas station ("Sunoco station") located at 598 E. 44th Street (Prospect Road), Oakland Park, Broward County, Florida.

5.      Corporation A was a business, located in Stuart, Martin County, Florida, involved in the transportation of gasoline by tanker trucks.

6.      Port Everglades was South Florida's primary storage and distribution center for refined petroleum, where refined petroleum products were received on a daily basis on fuel tanker ships from refineries in Texas, Louisiana, Mississippi, Mexico, Europe, the Caribbean, Asia, and South America.

## COUNT 1

7.      Paragraphs 1 through 6 of this Information are realleged and incorporated by reference as if fully set forth herein.

8.      From on or about November 14, 2019, through on or about August 3, 2021, in Broward County, in the Southern District of Florida, the defendants,

**JULIO MITJANS,**
**KIRK RUSSELL,**
**CARL WALLACE,**
**DAMION MCDONALD,**
**YANKO RODRIGUEZ,**
**LAZARO AGUEROS,**
**MARIO YANES NUNEZ, and**
**MD GOLUM MAHBUB,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and with persons known and unknown, to commit an offense against the United States, that is, to knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and have in their possession knowing the same to have been embezzled or stolen, goods valued at $1,000.00 or more, namely gasoline, from Port Everglades, Corporation A, and gasoline stations, with intent to convert to their own use, which goods and chattels were moving as

[2]

and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Section 659.

## PURPOSE OF THE CONSPIRACY

9.       It was the purpose of the conspiracy for **JULIO MITJANS, KIRK RUSSELL, CARL WALLACE, DAMION MCDONALD, YANKO RODRIGUEZ, LAZARO AGUEROS, MARIO YANES NUNEZ, MD GOLUM MAHBUB,** and their coconspirators, to unlawfully enrich themselves by stealing, and taking possession of gasoline that had been stolen, while it was moving as and which constituted part of an interstate and foreign commerce, and then selling the stolen gasoline for profit.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means used to achieve the purpose of the conspiracy included, among others, the following:

10.     Thefts were committed at Port Everglades that involved diverting gasoline to a storage compartment on the tanker truck usually used for emergencies.

11.     Thefts were committed by siphoning gasoline from Corporation A's tanker trucks prior to delivering gasoline to gas stations.

12.     Thefts were committed by Corporation A's drivers who delivered less gasoline than the contracted amount to gas stations.

13.     Stolen gasoline was delivered and transferred from Corporation A's tanker trucks to Techno-Fuel.

14.     Employees of Techno-Fuel accessed gasoline within Corporation A's tanker trucks to transfer gasoline to a storage tanker truck and tanker trucks belonging to Techno-Fuel.

15      Stolen gasoline was delivered and transferred from Corporation A's tanker trucks to the storage tank at the Sunoco station.

16.    The stolen gasoline received by the Sunoco station was sold at retail price in order to realize a monetary profit.

17.    Defendants **KIRK RUSSELL, CARL WALLACE,** and **DAMION MCDONALD** participated in the theft of gasoline while employed by Corporation A.

18.    Defendants **YANKO RODRIGUEZ, LAZARO AGUEROS,** and **MARIO YANEZ NUNEZ** participated in the theft of gasoline while employed by Techno-Fuel.

19.    Defendants **KIRK RUSSELL, CARL WALLACE,** and other individuals delivered stolen gasoline to the Sunoco station.

20.    Defendants **KIRK RUSSELL, CARL WALLACE,** and other individuals received monetary payments for stolen gasoline delivered to the Sunoco station.

<u>OVERT ACTS</u>

In furtherance of the conspiracy and to achieve the purpose and object thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

21.    On or about February 11, 2020, defendant **MD GOLUM MAHBUB** received stolen gasoline at the Sunoco station.

22.    On or about February 20, 2020, defendant **KIRK RUSSELL** delivered stolen gasoline to, and transferred stolen gasoline at, the Sunoco station.

23.    On or about February 28, 2020, defendant **CARL WALLACE** delivered stolen gasoline to the Sunoco station.

24.    On or about February 29, 2020, defendant **JULIO MITJANS** received stolen gasoline at Techno-Fuel.

25.    On or about March 3, 2020, defendant **LAZARO AGUERO** transferred stolen gasoline at Techno-Fuel.

[4]

26.    On or about March 4, 2020, defendant **MARIO YANES NUNEZ** transferred stolen gasoline at Techno-Fuel.

27.    On or about March 26, 2020, defendant **YANKO RODRIGUEZ** transferred stolen gasoline at Techno-Fuel.

28.    On or about April 8, 2020, defendant **KIRK RUSSELL** delivered stolen gasoline to Techno-Fuel.

29.    On or about June 1, 2020, defendant **MARIO YANES NUNEZ** transferred stolen gasoline at Techno-Fuel.

30.    On or about June 2, 2020, defendant **CARL WALLACE** delivered stolen gasoline to Techno-Fuel.

31.    On or about September 29, 2020, defendant **YANKO RODRIGUEZ** transferred stolen gasoline at Techno-Fuel.

32.    On or about February 17, 2021, defendant **CARL WALLACE** delivered stolen gasoline to Techno-Fuel.

33.    On or about February 23, 2021, defendant **CARL WALLACE** delivered stolen gasoline to the Sunoco station.

34.    On or about April 18, 2021, defendant **DAMION MCDONALD** delivered stolen gasoline to Techno-Fuel.

35.    On or about May 26, 2021, defendant **DAMION MCDONALD** delivered stolen gasoline to Techno-Fuel.

36.    On or about June 6, 2021, defendant **KIRK RUSSELL** delivered stolen gasoline to Techno-Fuel.

37.    On or about June 21, 2021, defendant **LAZARO AGUERO** transferred stolen gasoline at Techno-Fuel.

39.     On or about July 8, 2021, defendant **JULIO MITJANS** received stolen gasoline at Techno-Fuel.

39.     On or about August 3, 2021, defendant **KIRK RUSSELL** delivered stolen gasoline to the Sunoco station.

40.     On or about August 3, 2021, defendant **MD GOLUM MAHBUB** received stolen gasoline at the Sunoco station.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

From on or about February 21, 2020, through on or about July 8, 2021, in Broward County, in the Southern District of Florida, the defendant,

**JULIO MITJANS,**

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

## COUNT 3

From on or about February 20, 2020, through on or about August 3, 2021, in Broward County, in the Southern District of Florida, the defendant,

**KIRK RUSSELL,**

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were

moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

## COUNT 4

From on or about February 28, 2020, through on or about February 23, 2021, in Broward County, in the Southern District of Florida, the defendant,

**CARL WALLACE,**

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

## COUNT 5

From on or about April 18, 2021, through on or about May 26, 2021, in Broward County, in the Southern District of Florida, the defendant,

**DAMION MCDONALD,**

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

## COUNT 6

From on or about March 26, 2020, through on or about September 29, 2020, in Broward County, in the Southern District of Florida, the defendant,

**YANKO RODRIGUEZ,**

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

## COUNT 7

From on or about February 21, 2020, through on or about June 21, 2021, in Broward County, in the Southern District of Florida, the defendant,

### LAZARO AGUEROS,

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

## COUNT 8

From on or about March 4, 2020, through on or about June 1, 2020, in Broward County, in the Southern District of Florida, the defendant,

### MARIO YANES NUNEZ,

did knowingly embezzle, steal, unlawfully take, carry away, obtain by fraud and deception, and had in his possession knowing the same to have been embezzled or stolen, gasoline valued at $1,000.00 or more, with intent to convert to his own use, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

## COUNT 9

From on or about February 11, 2020, through on or about August 3, 2021, in Broward County, in the Southern District of Florida, the defendant,

**MD GOLUM MAHBUB,**

did knowingly buy, receive, and have in his possession goods and chattels valued at $1,000.00 or more, that is gasoline, knowing the same to have been embezzled or stolen, which goods and chattels were moving as and which constituted part of an interstate and foreign shipment of freight, express, and other property, in violation of Title 18, United States Code, Sections 659 and 2.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 22-60084-US Smith/Valle

v.

JULIO MITJANS, ET. AL.,

_____/
Defendants.

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division** (select one)

☐ Miami   ☐ Key West   ☐ FTP
☑ FTL    ☐ WPB

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) Yes
    List language and/or dialect: Spanish

4.  This case will take   0   days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                  (Check only one)
    I    ☑ 0 to  5 days              ☐ Petty
    II   ☐ 6 to 10 days              ☐ Minor
    III  ☐ 11 to 20 days             ☐ Misdemeanor
    IV   ☐ 21 to 60 days             ☑ Felony
    V    ☐ 61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) No
    If yes, Judge                          Case No.
7.  Has a complaint been filed in this matter? (Yes or No) Yes
    If yes, Magistrate Case No.  22-06062-MJ-PMH
8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) No
    If yes, Judge                          Case No.
9.  Defendant(s) in federal custody as of
10. Defendant(s) in state custody as of
11. Rule 20 from the                        District of
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
Donald F. Chase, II
Assistant United States Attorney
Court ID No.     A5500077

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   **JULIO MITJANS**
_____

**Case No:**   _____

Count #:1

Conspiracy to Commit an Offense Against the United States
_____

18 U.S.C. § 371
_____

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

_____

Count #: 2

Theft of an Interstate and Foreign Commerce Shipment
_____

18 U.S.C. §§ 659 and 2
_____

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:**   KIRK RUSSELL

**Case No:**

Count #:1

Conspiracy to Commit an Offense Against the United States

18 U.S.C. § 371

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

Count #: 3

Theft of an Interstate and Foreign Commerce Shipment

18 U.S.C. §§ 659 and 2

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  **CARL WALLACE**

**Case No:**

Count #:1

Conspiracy to Commit an Offense Against the United States

18 U.S.C. § 371

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

Count #: 4

Theft of an Interstate and Foreign Commerce Shipment

18 U.S.C. §§ 659 and 2

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   **DAMION MCDONALD** _____

**Case No:** _____

Count #:1

Conspiracy to Commit an Offense Against the United States _____

18 U.S.C. § 371 _____

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

Count #:5

Theft of an Interstate and Foreign Commerce Shipment _____

18 U.S.C. §§ 659 and 2 _____

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:   YANKO RODRIGUEZ**

**Case No:**

Count #:1

Conspiracy to Commit an Offense Against the United States

18 U.S.C. § 371

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

Count #: 6

Theft of an Interstate and Foreign Commerce Shipment

18 U.S.C. §§ 659 and 2

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

Defendant's Name:   **LAZARO AGUEROS**

Case No:

Count #:1

Conspiracy to Commit an Offense Against the United States

18 U.S.C. § 371

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

Count #: 7

Theft of an Interstate and Foreign Commerce Shipment

18 U.S.C. §§ 659 and 2

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

Defendant's Name:   <u>MARIO YANES NUNEZ</u>

Case No: _____

Count #:1

Conspiracy to Commit an Offense Against the United States

18 U.S.C. § 371

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

Count #: 8

Theft of an Interstate and Foreign Commerce Shipment

18 U.S.C. §§ 659 and 2

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:**   **MD GOLUM MAHBUB** _____

**Case No:** _____

Count #:1

Conspiracy to Commit an Offense Against the United States

18 U.S.C. § 371

**\*Max. Penalty:** 5 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

Count #: 9

Theft of an Interstate and Foreign Commerce Shipment

18 U.S.C. §§ 659 and 2

**\*Max. Penalty:** 10 years imprisonment; a term of not more than 3 years of supervised release; $250,000.00 fine; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | Case No. *22 - 60084 - cr-Smith/Valle* |
| v. | ) | |
| Julio Mitjans, | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

J. David Bogenschutz
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

United States of America
v.
Kirk Russell,

_____
*Defendant*

)
)
)
)
)

Case No. 22-60084-CR-Smith/Valle

## WAIVER OF AN INDICTMENT

     I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

     After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Joshua Monteiro
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 22-60084-CK Smith/Valle |
| Carl Wallace, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

James Stewart Lewis, Jr.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. *22-60084-MC-Smith/Valle* |
| Damion McDonald | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.


Date: _____          _____
                                            *Defendant's signature*


                                            _____
                                            *Signature of defendant's attorney*

                                            Sidney Zale Fleishman
                                            _____
                                            *Printed name of defendant's attorney*


                                            _____
                                            *Judge's signature*


                                            _____
                                            *Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 22-60084-cr-Smith/Valle |
| Yanko Rodriguez, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.


Date: _____

_____
*Defendant's signature*


_____
*Signature of defendant's attorney*

Juan M. Gonzalez
*Printed name of defendant's attorney*


_____
*Judge's signature*


_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. *22-60084-UC-Smith/Valle* |
| Lazaro Agueros, | ) | |
| | ) | |
| _____ *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____Diego Weiner_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Mario Yanes Nunez | ) |
| | ) |
| *Defendant* | ) |

Case No. 22-60084-UC Smith/Valle

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.


Date: _____

_____
*Defendant's signature*


_____
*Signature of defendant's attorney*

Juan Mourin
_____
*Printed name of defendant's attorney*


_____
*Judge's signature*


_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| MD Golum Mahbub, | ) |
| | ) |
| *Defendant* | ) |

Case No. *22-60084-W-Smith/Valle*

## WAIVER OF AN INDICTMENT

      I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

      After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

John A. Weekes, Jr.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*